**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Stewart, Jr., | ) | No. CV-03-449-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Detention Officer A.M. Deans, | ) | |
| Defendant. | ) | |

The Court held a second Final Pretrial Conference on January 20, 2006. This Order will reflect decisions made at that conference.

Plaintiff sued a detention officer by the name of A.M. Deans, badge number A7377. The County maintains that no such officer exists. In its Order of March 17, 2005, the Court invited Defendants to provide evidence that A.M. Deans does not exist. *See* Doc. #27. Defendants did not provide the evidence as requested. The Court noted this fact in an Order dated August 4, 2005 and stated that a Final Pretrial Conference would be scheduled. *See* Doc. #31.

On November 9, 2005, 18 months after the motion deadline had passed and more than seven months after the Court had invited additional evidence, Defendants moved for summary judgment with respect to Defendant A.M. Deans. Defendants provided evidence that such an officer does not exist. The Court viewed the motion as untimely. At the final

1 pretrial conference on December 2, 2005, however, Plaintiff admitted that he had no
2 evidence that A.M. Deans existed. As a result of a discussion on the record, the Court
3 concluded that Defendants should conduct a search for information concerning the
4 possible identification of the officers on duty during the events in question and provide
5 that information to Plaintiff, and that the parties and the Court should then decide whether
6 there is a triable issue in this case. The Final Pretrial Conference was continued to January
7 20, 2006 for this purpose.

8 The following is clear after the January 20, 2006 hearing: There is no evidence of the
9 existence of an officer A.M. Deans with badge number A7377. Such an individual does not
10 appear in the County's records. The County no longer retains records concerning the
11 officers on duty on September 25 and 26, 2002, the dates at issue in this case. Thus, it is
12 not possible to review County records and determine which officers were in a position to
13 provide Plaintiff with medication on the dates in question. Plaintiff does assert, however,
14 that he saw the officer in question in the tower on March 27, 2003. Records provided by
15 the County suggest that an Officer Anissa Dreas, badge number A7362, was the same
16 individual he previously had described as A.M. Deans – the thin, African American woman
17 with short hair who denied him medication on September 25 and 26, 2002. Plaintiff candidly
18 admitted during the hearing that he does not know the name or badge number of the
19 woman he saw in the tower and has no proof that she is Anissa Dreas. He is confident,
20 however, that it is the same woman who denied him medication on September 25 and 26,
21 2002. The County, on the other hand, has had no opportunity to investigate whether
22 Officer Dreas was working with Plaintiff on September 25-26, 2002, or whether she is even
23 the woman described by Defendant.

24 In a normal civil case, the Court would be inclined to dismiss Plaintiff's claims. The
25 Final Pretrial Conference is not the place for a plaintiff to make new allegations that
26 essentially amend his complaint. The Court recognizes, however, that Plaintiff is a *pro se*
27 litigant and an inmate. His resources are limited. He only recently received information
28 from the County regarding the possible identity of the woman in question as Anissa Dreas.

At the same time, although the deadline for filing dispositive motions passed long ago, the County is now faced with a new allegation and new information. In fairness, the County should be given an opportunity to address the allegation.

Therefore, the Court ordered that the County should investigate whether Anissa Dreas was working in or around Plaintiff's location on September 25-26, 2002, and whether she is the individual Plaintiff has described. If the County concludes from this investigation that there is a basis for seeking summary judgment, Defendants may file a motion for summary judgment on or before February 17, 2006. Plaintiff will be given the normal time to file a response, and Defendants may reply. If Defendants conclude that there is no basis for a motion for summary judgment, they shall so inform the Court on February 17, 2006. If no motion is filed, or if the County's motion is filed and subsequently denied, the Court will reschedule the Final Pretrial Conference.

DATED this 23rd day of January, 2006.

_____
David G. Campbell
United States District Judge