**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV-03-449-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Detention Officer A.M. Deans, | |
| Defendant. | |

Pending before the Court is Defendant's motion for summary judgment regarding Anissa Dreas. Doc. #61. For the reasons set forth below, the Court will grant the motion.

## Background

Plaintiff is a prisoner incarcerated with the Arizona Department of Corrections. Plaintiff commenced this action more than three years ago on March 6, 2003. Doc. #1. Plaintiff filed an amended complaint on April 8, 2003, alleging that detention officers Schroeded and A.M. Deans denied Plaintiff medication while in "lockdown" status at a County jail on September 26, 2002. Doc. #5.

On May 10, 2004, officers Jeffery Schroeder and R.M. Dean filed a motion for summary judgment. Doc. #15. In response, Plaintiff did not dispute that Defendant Schroeded's name is actually Schroeder. Doc. #24. The Court granted summary judgment with respect to Schroeder because Plaintiff presented no evidence that Schroeder worked at the jail on September 26, 2002. Doc. #27 at 3. With respect to R.M. Dean, however, the Court denied the motion for summary judgment as moot because Plaintiff did not sue a

1  Defendant by that name, Plaintiff stated that Defendant A.M. Deans was female, not male,
2  and there was no argument that an officer A.M. Deans did not exist. *Id.*

3  On November 9, 2005, Defendant filed a motion for summary judgment and provided
4  evidence that an officer A.M. Deans does not exist. Doc. #37. The Court viewed the motion
5  as untimely. At the final pretrial conference on December 2, 2005, however, Plaintiff
6  admitted that he had no evidence that A.M. Deans existed. Doc. #45. As a result of a
7  discussion on the record, the Court concluded that the County should conduct a search for
8  information concerning the possible identification of the officers on duty during the events
9  in question and provide that information to Plaintiff, and that the parties and the Court should
10 then decide whether there is a triable issue in this case. The final pretrial conference was
11 continued to January 20, 2006 for this purpose.

12 At the January 20 conference, it became clear that there is no evidence of the
13 existence of an officer A.M. Deans. *See* Docs. ##47, 51. Plaintiff asserted, however, that
14 he saw the officer in question in the jail's control tower on March 27, 2003. Records
15 provided by the County suggested that an Officer Anissa Dreas was the same individual
16 Plaintiff previously had described as A.M. Deans – the thin, African American woman with
17 short hair who denied him medication on September 26, 2002.

18 The Court subsequently ordered the County to investigate whether Anissa Dreas was
19 working in or around Plaintiff's location on September 26, 2002, and whether she is the
20 individual Plaintiff has described. Doc. #59. The Court permitted Defendant to file a motion
21 for summary judgment if the results of the County's investigation supported such a motion.
22 *Id.*

23 Defendant filed a motion for summary judgment on February 15, 2006. Doc. #61.
24 Plaintiff has filed a response and Defendant has filed a reply. Docs. #67, 69. Plaintiff also
25 has filed a separate affidavit in support of his response. Doc. #70.

26 **Discussion**

27 **I.    Summary Judgment Standard.**

28 Summary judgment is appropriate if the admissible evidence, viewed in the light most

1 favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material
2 fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.
3 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Substantive law
4 determines which facts are material and "[o]nly disputes over facts that might affect the
5 outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson*
6 *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, to preclude summary judgment
7 the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could
8 return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**II.    Analysis.**

The County does not dispute that officer Anissa Dreas was working around Plaintiff's location on September 26, 2002. The County argues, however, that Plaintiff should not be permitted to add Dreas as a defendant at this late stage of the proceedings. Doc. #61 at 3-5. The County further argues that Dreas did not take Plaintiff's medication and that Plaintiff's claim does not rise to a constitutional violation. *Id.* at 6-9.

Plaintiff does not dispute Defendant's assertion that Dreas was not the person who took his medication. Rather, Plaintiff states that Dreas would not give him his medication when he asked for it. Doc. #70 at 1-2. Plaintiff contends that Dreas's failure to give him his medication, which was prescribed to treat an ingrown toenail, constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Doc. #67 at 17.

The Court disagrees. Plaintiff's medication was confiscated when he was transported to administrative segregation and placed on a "special meal program" for allegedly threatening a detention officer. The undisputed evidence shows that under the County's formal guidelines, the officer who places an inmate on the special meal program is responsible for the inmate's property and is required to return any confiscated property to the inmate after 48 hours. Doc. #67 at 26, 33. It is undisputed that Dreas did not place Plaintiff on the special meal program or confiscate his medication. She was thus not responsible for the medication or permitted to give it to Plaintiff when he asked for it. *See id.*

- 3 -

1  Moreover, it is undisputed that Plaintiff's medication was returned to him on
2  September 29, 2001, three days after it was confiscated. *Id.* at 32. The temporary
3  confiscation of Plaintiff's medication for an ingrown toenail does not constitute a deliberate
4  indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05
5  (1976); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (affirming judgment in
6  favor of the defendants and holding that the confiscation of a sling and a two month delay
7  in medical treatment did not constitute an Eighth Amendment violation where the plaintiff's
8  condition did not require emergency attention and the delay did not cause substantial harm);
9  *Hallet v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002) (stating that the Eighth Amendment's
10 cruel and unusual punishment standard is not an easy test for plaintiffs to satisfy because "the
11 Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain'" such as
12 actions "that are 'so totally without penological justification that it results in the gratuitous
13 infliction of suffering'") (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).[1]
14 The Court will grant the motion for summary judgment.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Doc. #61) is **granted**.
2. All other pending motions are **denied** as moot.
3. The Clerk shall **terminate** this action.

DATED this 28th day of March, 2006.

David G. Campbell
United States District Judge

---

[1] *See also* Doc. #67 at 33-34 (external referee decision sustaining Plaintiff's administrative grievance because his medication should not have been confiscated under the guidelines but concluding that Plaintiff "did not suffer any serious medical harm" as a result of the temporary confiscation).